**426**    SUPERIOR COURT.

Oceanic Steam Nav. Co. *v.* Compania Transatlantic Espanola.   [Vol. 4.

### The Oceanic Steam Navigation Co. *v.* Compania Trans-atlantic Espanola.

(New York Superior Court — General Term, July, 1893.)

On the first trial of this case the complaint was dismissed, and on appeal to the Court of Appeals the judgment was reversed, and a new trial ordered.   On the present trial the evidence was the same as on the first trial, and the case was submitted to the jury, and they gave plaintiff a verdict.   *Held,* that the verdict must stand.

APPEAL by defendant from a judgment entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial.

*Wheeler, Cortis & Godkin,* for plaintiff (respondent).

*Stearns & Curtis,* for defendant (appellant).

FREEDMAN, J.  If I were not concluded by the decision made in this case by the Court of Appeals (Second Division), as reported in 134 N. Y. 461, I would still be of the opinion expressed by me in 58 N. Y. Super. Ct. 425, that the evidence is insufficient to establish negligence in the defendant now before the court.

But upon this branch of the case the Court of Appeals said : " The fact, which was quite clearly shown, that the door and fastening were in good repair when the defendant assigned to the Spanish-American Company the right to collect wharfage and cranage at the pier, did not relieve the defendant from its duty to keep the wharf in safe condition. 40 Fed. Rep. 908."

This was all that was said as to the ground upon which the defendant's liability is to be based.   Taking then the rule as thus laid down, the defendant clearly was not negligent in the performance of its duty, unless the wharf or pier subsequently became unsafe, and the defendant had either actual or constructive notice thereof.   In my judgment the evidence is insufficient to fasten any such notice upon the defendant, and consequently, if I were at liberty to do so, I would hold that

it is insufficient to establish negligence on the part of the defendant now sought to be charged.

But the evidence is the same now as it was before, and the Court of Appeals having reversed the judgment in favor of the defendant and ordered a new trial, must be deemed to have decided that after all the evidence was sufficient to require the judgment of the jury upon it. The trial judge evidently so construed the decision, and the issues having thereupon been submitted to the jury in obedience to it, and determined by the jury in favor of the plaintiff, I fail to perceive how the defendant can have any relief against the result in this court. If the case was one for the jury, it was properly submitted, and in such case the record presents no exception which calls for reversal.

The judgment and order must be affirmed, with costs.

McAdam, J., concurs.

Judgment affirmed.